Mitchell J. Klein (007430)
Anthony W. Merrill (022598)
**POLSINELLI SHUGHART PC**
CityScape
One E. Washington St., Ste. 1200
Phoenix, AZ 85004
Phone: (602) 650-2000
Fax: (602) 264-7033
mjklein@polsinelli.com
amerill@polsinelli.com

*Attorneys for Plaintiff Nammo Talley, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Nammo Talley, Inc.,<br><br>Plaintiff,<br><br>vs.<br><br>Allstate Insurance Company (solely as successor in interest to Northbrook Excess and Surplus Insurance Company, formerly known as Northbrook Insurance Company); Continental Casualty Company; Globe Indemnity Company; National Union Fire Insurance Company of Pittsburgh, PA; Transportation Insurance Company; ABC Corporations; and XYZ Companies,<br><br>Defendants. | Case No.<br><br>**COMPLAINT** |

Plaintiff Nammo Talley, Inc., formerly known as Talley Industries, Inc., ("Nammo Talley") alleges the following claims for (1) declaratory judgment, (2) breach of contract, (3) breach of the duty of good faith and fair dealing, and (4) negligent misrepresentation against the above-captioned Defendants as follows:

**THE PARTIES**

1. Plaintiff Nammo Talley is an entity incorporated in the State of Delaware with its principal place of business in Mesa, Arizona.

2. Each of the following Defendants is an insurance company (collectively, "Insurance Company Defendants") that underwrote and/or sold liability insurance to

Nammo Talley. Specifically, Defendants issued the primary comprehensive general liability and/or excess general liability insurance policies that are listed in Exhibit A to this Complaint and incorporated herein by reference (collectively "the Policies"). The full name, state of incorporation, principal place of business and other jurisdictional information regarding each Defendant is set forth below.

3. Upon information and belief, Defendant Allstate Insurance Company, solely as successor in interest to Northbrook Excess and Surplus Insurance Company, formerly known as Northbrook Insurance Company ("Northbrook") is incorporated under the laws of the State of Illinois, with its principal place of business at 3075 Sanders Road, Suite H1A, Northbrook, Illinois 60062-7127.

4. Upon information and belief, Defendant Continental Casualty Company ("Continental") is incorporated under the laws of the State of Illinois, with its principal place of business at CNA Plaza, Chicago, Illinois 60685. Upon information and belief, the best true and correct copies of the insurance policies issued by Defendant Continental to Nammo Talley are attached as Exhibit B.

5. Upon information and belief, Defendant Globe Indemnity Company, a Royal & Sun Alliance USA Group company ("Globe") is incorporated under the laws of the State of New York, with its principal place of business at 9300 Arrowpoint Boulevard, Charlotte, North Carolina 28201-1000. Upon information and belief, the best true and correct copies of the insurance policies in Nammo Talley's possession that were issued by Defendant Globe to Nammo Talley are attached as Exhibit C.

6. Upon information and belief, Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union") is incorporated under the laws of the State of Pennsylvania, with its principal place of business at 70 Pine Street, New York, New York 10038. Upon information and belief, the best true and correct copies of the insurance policies issued by Defendant National Union to Nammo Talley are attached as Exhibit D.

7. Upon information and belief, Defendant Transportation Insurance Company, a U.S. property and casualty underwriting company wholly-owned by CNA ("Transportation") is incorporated under the laws of the State of Illinois, with its principal place of business at CNA Plaza, Chicago, Illinois 60685. Upon information and belief, the best true and correct copies of the insurance policies issued by Defendant Transportation to Nammo Talley are attached as Exhibit E.

8. At all relevant times, each of the above Insurance Company Defendants have been engaged in the business of writing liability insurance. Each Defendant issued policies of primary and/or excess liability insurance as identified in Exhibit A that provide coverage to Plaintiff and/or to Plaintiff's predecessors whose rights Plaintiff have succeeded.

## JURISDICTION AND VENUE

9. Nammo Talley incorporates by reference each and every allegation contained in paragraphs 1 through 8 of this Complaint.

10. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds the value of $75,000.00, exclusive of interest and cost, and is between citizens of different States.

11. This Court has jurisdiction to award a declaratory judgment pursuant to 28 U.S.C. §§ 2201 *et seq* and A.R.S. §§ 12-1831 *et seq*.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to these claims occurred within this district.

## GENERAL ALLEGATIONS

13. Nammo Talley incorporates by reference each and every allegation contained in paragraphs 1 through 12 of this Complaint.

14. This is an action for declaratory judgment, breach of contract, compensatory damages, breach of duty of good faith and fair dealing, negligent misrepresentation, and other relief.

**The Underlying Liability**

15. Nammo Talley is a defense contractor that manufactures weapons, aerospace equipment and propellant at a facility located in Mesa, Arizona. The facility is located on land that Nammo Talley has leased from the Arizona State Trust since 1966 (the "Nammo Talley Site").

16. Nammo Talley's historic operations have unexpectedly and unintentionally resulted in lead, perchlorate, and other contamination at the Nammo Talley Site and neighboring properties.

17. Nammo Talley's liability arises in connection with proceedings commenced and claims made by the Arizona Department of Environmental Quality ("ADEQ") on behalf of themselves and for the benefit of third parties and the general public to address groundwater, surface water, and soil contamination existing at the Nammo Talley Site and surrounding off-site areas. ADEQ seeks to have Nammo Talley address impacts to third-party groundwater wells impacted by groundwater contamination to the south and southwest of the Nammo Talley site.

18. Each of the Insurance Company Defendants knew or should have known that Nammo Talley was engaged in manufacturing and industrial operations relating to weapons, aerospace equipment, and propellant that generated chemical by-products. Accordingly, the Insurance Company Defendants were, or should have been, aware of the nature of Nammo Talley's business when they sold Nammo Talley insurance coverage for liabilities arising in connection with Nammo Talley's operations.

19. On or about September 6, 1991, a Consent Judgment was entered in *State of Arizona v. Talley Defense Systems, Inc.*¸ Case No. CV90-26811, alleging violations by Nammo Talley of the local hazardous waste rules, A.A.C. R18-8-260 *et seq.*, promulgated pursuant to the Hazardous Waste Management Act. A.R.S. §§ 49-901 *et seq*.

20. ADEQ alleges that Nammo Talley has contaminated the soil and groundwater at and around the Nammo Talley Site and that such contamination, if left

untreated, represents a danger to the public, including but not limited to the off-site migration of a contamination plume that risk a present danger to third-parties.

21. To prevent and/or reduce off-site migration of contaminates, ADEQ has required Nammo Talley to investigate and remediate contamination at and around the Nammo Talley Site and surrounding third-party properties, including but not limited to off-site soil removal.

22. ADEQ has current regulatory authority to compel through enforcement actions (which ADEQ has constantly threatened) the remediation of both contaminated soil and groundwater at the Nammo Talley Site and on properties owned by third-parties.

23. Nammo Talley's investigative and remedial work at the Nammo Talley Site are a direct result of ADEQ's aggressive enforcement and demands placed on Nammo Talley to immediately address any contamination at and/or emanating from the Nammo Talley Site.

24. In general terms, the investigation and remediation costs for which Nammo Talley seeks insurance coverage arise out of two areas at the facility -- the Water Bore Out ("WBO") area and Thermal Treatment Unit ("TTU").

**Water Bore Out Area**

25. Operations occurred continuously in the WBO from the late 1960s/early 1970s through at least the mid-1980s.

26. An integral part of Nammo Talley's business operations required Talley to replace the propellant found in aged, yet-to-be used missiles and other rocket motors it manufactured and sold.

27. At the WBO, Nammo Talley used industrial process waters to remove solid propellant containing ammonium perchlorate from rocket motors designed for military and other use.

28. In accordance with the standard and accepted industry practice at the time, Nammo Talley collected solids first through screening and then with secondary

recovery techniques and discharged the water used in this operation to unlined evaporation ponds.

29. Unintentionally and unexpectedly, some perchlorate remained in the water and leached from the ponds into the ground water and has impacted neighboring groundwater wells and property off-site.

**Thermal Treatment Unit**

30. From approximately 1966 to 1986, Nammo Talley burned waste materials at a fully permitted TTU.

31. During the time periods in question, and in some respects to this very day, thermal treatment constituted the best practice for safely disposing of explosive wastes.

32. In accordance with standard and accepted industry practice at the time, the materials were spread thinly and burned on bare soil.

33. Contamination resulted unexpectedly from the disposal of solid propellant containing lead nitrate, disposal of solid propellant containing small quantities of lead bearing chemical additives, and possibly from the detonation of lead styphnate.

34. Other propellants burned at the Site, including perchlorate, may have unintentionally caused additional contamination.

**The Policies**

35. Pursuant to the terms of their respective general liability insurance policies, certain primary Insurance Company Defendants, as identified and described in Exhibit A to this Complaint (the "Primary Carriers"), are jointly and severally obligated to defend and indemnify Nammo Talley against a broad and comprehensive range of liability.

36. Certain other excess Insurance Company Defendants, as identified and described in Exhibit A to this Complaint (the "Excess Carriers"), are jointly and severally obligated to indemnify Nammo Talley against a broad and comprehensive range of third party liability.

37. Plaintiff Nammo Talley now seeks to recover payments for defense and indemnity under the Policies arising out of property damage at the Nammo Talley Site.

38. Insurance Company Defendants sold Plaintiff Nammo Talley standard-form comprehensive general liability insurance policies which cover the period from at least 1968 through 1986.

39. The following standardized provisions are typically included within the comprehensive general liability insurance policies the Insurance Company Defendants sold to Nammo Talley:

******LIABILITY FORM INSURING AGREEMENTS******

**I. COVERAGE A – Bodily Injury Liability**

**COVERAGE B – Property Damage Liability**

> The [comprehensive general liability Insurance] company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
>
> **COVERAGE A. bodily injury or**
>
> **COVERAGE B. property damage**
>
> to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

40. The exact provisions contained in each policy identified in Exhibit A, although generally similar to the above stated language, may be ascertained by reference to the general liability insurance policies attached hetero as Exhibits B – E.

41. The listing of the Policies in Exhibit A to this Complaint sets forth the presently known insurance policy numbers and insurance policy periods for the insurance policies that Insurance Company Defendants sold to Nammo Talley.

42. There may be other insurance policies, riders, endorsements or agreements providing Nammo Talley with insurance coverage for that Nammo Talley has yet to

discover or locate, but which nonetheless provide Nammo Talley with additional rights against the Insurance Company Defendants or other insurance companies.

43. The Policies the Insurance Company Defendants sold to Nammo Talley provide broad coverage for all types of personal injury, bodily injury or property damage, including damages, liabilities and loss mitigation costs in connection with Nammo Talley's operations.

44. The Policies are "all risk" insurance policies, meaning that there is insurance coverage for any risk not specifically and unambiguously excluded.

45. From at least 1968 through 1986, Nammo Talley paid all amounts due in insurance premiums to Insurance Company Defendants for the general liability insurance policies.

46. Nammo Talley has complied with all applicable conditions precedent, if any, contained in the Policies.

47. Nammo Talley is entitled to all benefits provided by the Policies.

48. Nammo Talley is entitled to have the Policies interpreted in a reasonable manner that maximizes its insurance coverage.

49. Nammo Talley is entitled to have the exclusions the Policies, if any, construed against the drafting Insurance Company Defendants, and in a reasonable manner that maximizes insurance coverage.

50. The Insurance Company Defendants owe Nammo Talley fiduciary duties as sellers of general liability insurance policies by which they have promised to defend and/or indemnify Nammo Talley.

51. For gradual continuing injuries such as environmental property damage, each Insurance Company Defendant selling an insurance policy during the period of continuing damage is fully responsible for the costs of defense and/or indemnity.

52. Insurance Company Defendants owe Nammo Talley a duty of good faith and fair dealing under the Policies. *See Rawlings v. Apodaca*, 151 Ariz. 149, 153, 726 P.2d 565, 569 (1986) (holding that the implied duty of good faith and fair dealing arises

by virtue of a contractual relationship); *Voland v. Farmers Ins. Co. of Ariz.*, 189 Ariz. 448, 451, 943 P.2d 808, 811 (App. 1997).

53. The legal liability imposed on Nammo Talley to investigate and remediate the Nammo Talley Site falls within coverage obligations of the Insurance Company Defendants under the Policies.

54. Nammo Talley has provided Insurance Company Defendants with timely notice of the claims for property damage relating to the Nammo Talley Site.

55. The Insurance Company Defendants have failed, or will fail, to honor and have repudiated, or will repudiate, their obligations to Nammo Talley under the Policies.

56. The Insurance Company Defendants have threatened to breach, have breached, or will breach their obligations to Nammo Talley as set forth in the general liability insurance policies.

57. Nammo Talley has incurred and will continue to incur substantial investigation, remediation, and defense costs and fees, including attorney fees, relating to the Nammo Talley Site.

58. The Policies require Insurance Company Defendants to indemnify and provide for all of Nammo Talley's investigation, remediation, and defense costs and expenses, including attorney fees.

59. Despite the language of the Policies, and numerous additional communications from Nammo Talley, Insurance Company Defendants have continued to deny coverage and have refused to defend Nammo Talley.

60. Insurance Company Defendants' conduct is without reasonable basis and in bad faith.

61. Insurance Company Defendants' conduct has impaired the benefits of the contractual relationship purchased under the Policies.

**COUNT I**

**(Declaratory Judgment)**

62. Nammo Talley incorporates by reference each and every allegation contained in paragraphs 1 through 61 of this Complaint.

63. This controversy between Nammo Talley and Insurance Company Defendants relates to the Policies and is present, substantial, and justiciable, and sufficiently invokes this Court's powers pursuant to 28 U.S.C. §§ 2201 *et seq* to declare the parties' rights and liabilities.

64. The actual controversy between the Parties warranting declaratory judgment includes, but is not limited to, (1) whether the Policies provide coverage for Nammo Talley's liability at the Nammo Talley Site, (2) whether Insurance Company Defendants have a duty to reimburse Nammo Talley for defense costs and fees incurred in defending against "suits" initiated by ADEQ in relation to the Nammo Talley Site, (3) whether Insurance Company Defendants' conduct as described herein breached their duty of good faith and fair dealing under the Policies, and (4) whether Insurance Company Defendants' conduct as described herein constitutes a breach of contract.

65. Insurance Company Defendants' conduct was without reasonable basis, in bad faith, and has impaired the benefits of the contractual insurance relationship with Nammo Talley.

66. Nammo Talley seeks, pursuant to 28 U.S.C. §§ 2201 *et seq* and A.R.S. §§ 12-1831 *et seq*, a judicial declaration by this Court that the Policies provide coverage for Nammo Talley's liability at the Nammo Talley Site, that Insurance Company Defendants have a duty to reimburse Nammo Talley for defense costs and fees incurred, that Insurance Company Defendants breached their duty of good faith and fair dealing, and that Insurance Company Defendants breached the contract embodied by the Policies.

WHEREFORE, with respect to Count I, Nammo Talley respectfully requests judgment as follows:

A. A judicial declaration that (1) the Policies provide coverage for Nammo Talley's liability, (2) Insurance Company Defendants have a duty to reimburse Nammo Talley for defense costs and fees incurred, (3) Insurance Company Defendants' conduct breached their duty of good faith and fair dealing under the Policies, and (4) Insurance Company Defendants' conduct constituted a breach of contract;

B. An award against Insurance Company Defendants of reasonable attorneys' fees, costs, and disbursements for this action, as provided under the Policies, A.R.S. § 12-341, A.R.S. § 12-341.01, the common law, and other applicable law;

C. For such orders, including injunctive relief, as are necessary to preserve this Court's jurisdiction over the parties and issues herein; and

D. For such other and further relief as this Court deems just and proper.

**COUNT II**

**(Breach of Contract)**

67. Nammo Talley incorporates by reference each and every allegation contained in paragraphs 1 through 66 of this Complaint.

68. Insurance Company Defendants have breached, are breaching, and/or threaten to continue to breach their obligations under the Policies by denying coverage for Nammo Talley's investigation and remediation costs, including defense costs and expenses, and refusing to accept Nammo Talley's tendered liability coverage despite the Policies' clear requirements to the contrary.

69. Insurance Company Defendants are liable to Nammo Talley for damages in amounts as yet to be ascertained for investigation and remediation costs, including defense costs and expenses covered by the Policies, and for all other sums incurred to date by Nammo Talley arising out of Insurance Company Defendants' breach of the Policies, together with the costs and disbursements of this action, including, but not

limited to, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

WHEREFORE, with respect to Count II, Nammo Talley respectfully requests judgment as follows:

A. An award against Insurance Company Defendants of compensatory damages in the amount established by the evidence, including the costs of investigation, defense, damages, indemnification, loss mitigation, and other costs and payments (whether by judgment, settlement or otherwise), and other sums incurred to date by Nammo Talley or which may be incurred by it in the future arising from Insurance Company Defendants' breach of the Policies, together with pre-judgment and post-judgment interest;

B. An award against Insurance Company Defendants of reasonable attorneys' fees, costs, and disbursements for this action as provided under the Policies, A.R.S. § 12-341, A.R.S. § 12-341.01, the common law, and other applicable law;

C. For any and all pre-judgment and post-judgment interest at the rate applicable under the law; and

D. For such other relief as this Court deems just and proper.

**COUNT III**

**(Breach of the Duty of Good Faith and Fair Dealing)**

70. Nammo Talley incorporates by reference each and every allegation contained in paragraphs 1 through 69 of this Complaint.

71. Insurance Company Defendants have a duty of good faith and fair dealing with respect to Nammo Talley.

72. Insurance Company Defendants' refusal to defend and indemnify Nammo Talley for losses arising out of environmental property damage at the Nammo Talley Site is directly contradicted by the Policies' clear terms.

73. Insurance Company Defendants' conduct, as described above, constitutes a breach of its duty of good faith and fair dealing, and has impaired the security

purchased under the Policies. *See Rawlings v. Apodaca*, 151 Ariz. 149, 153, 726 P.2d 565, 569 (1986); *Voland v. Farmers Ins. Co. of Ariz.*, 189 Ariz. 448, 451, 943 P.2d 808, 811 (Ct. App. 1997).

74. Insurance Company Defendants' conduct as described herein was without reasonable basis given the Policies' clear terms.

WHEREFORE, with respect to Count III, Nammo Talley respectfully requests judgment as follows:

A. An award against Insurance Company Defendants of compensatory damages in the amount established by the evidence, including the costs of investigation, defense, damages, indemnification, loss mitigation, and other costs and payments (whether by judgment, settlement or otherwise), and other sums incurred to date by Nammo Talley or which may be incurred by it in the future, together with pre-judgment and post-judgment interest;

B. An award against Insurance Company Defendants of reasonable attorneys' fees, costs, and disbursements for this action as provided under the Policies, A.R.S. § 12-341, A.R.S. § 12-341.01, the common law, and other applicable law;

C. For any and all pre-judgment and post-judgment interest at the rate applicable under the law; and

D. For such other relief as this Court deems just and proper.

**COUNT IV**

**(Common Law Negligent Misrepresentation and Violation of A.R.S. § 20-443)**

75. Nammo Talley incorporates by reference each and every allegation contained in paragraphs 1 through 74 of this Complaint.

76. Insurance Company Defendants represented that they would pay for liability, defense costs and expenses for claims like that arising out of unexpected and unintended environmental property damage at the Nammo Talley Site.

77. Insurance Company Defendants further represented that it would act in good faith and fair dealing in their relationship with Nammo Talley.

78. Insurance Company Defendants' statements induced Nammo Talley to purchase the Policies.

79. Insurance Company Defendants' statements were false and misleading.

80. Nammo Talley has been and/or will be injured as a result of Insurance Company Defendants' false and/or misleading statements.

WHEREFORE, with respect to Count IV, Nammo Talley respectfully requests judgment as follows:

A. An award against Insurance Company Defendants of compensatory damages in the amount established by the evidence, including the costs of investigation, defense, damages, indemnification, loss mitigation, and other costs and payments (whether by judgment, settlement or otherwise), and other sums incurred to date by Nammo Talley or which may be incurred by it in the future, together with pre-judgment and post-judgment interest;

B. An award against Insurance Company Defendants of reasonable attorneys' fees, costs, and disbursements for this action as provided under the Policies, A.R.S. § 12-341, A.R.S. § 12-341.01, the common law, and other applicable law;

C. For any and all pre-judgment and post-judgment interest at the rate applicable under the law; and

D. For such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury in this matter.

Dated this 20th day of May, 2011.

POLSINELLI SHUGHART PC

By: s/Anthony W. Merrill
Mitchell J. Klein
Anthony W. Merrill
One E. Washington St., Ste. 1200
Phoenix, AZ 85004
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2011, I electronically transmitted the foregoing document to the U.S. District Court Clerk's Office by using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all registered CM/ECF registrant(s).

s/Kelley Irish