BERKES CRANE ROBINSON & SEAL LLP
Steven M. Crane (*Admitted Pro Hac Vice*)
  scrane@bcrslaw.com
515 South Figueroa Street, Suite 1500
Los Angeles, California  90071
Telephone:  (213) 955-1150
Facsimile:  (213) 955-1155

MEAGHER & GEER PLLP
John Charles Hendricks
  jhendricks@meagher.com
8800 N. Gainey Center Dr., Ste. 261
Scottsdale, Arizona 85258
Telephone:  (480) 607-9719
Facsimile:  (480) 607-9780

Attorneys for Defendants Continental Casualty Company and Transportation Insurance Company

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Nammo Talley, Inc.,<br><br>    Plaintiff,<br><br>v.<br><br>Allstate Insurance Company (solely as successor in interest to Northbrook Excess and Surplus Insurance Company, formerly known as Northbrook Insurance Company); Continental Casualty Company; Globe Indemnity Company; National Union Fire Insurance Company of Pittsburgh, PA; Transportation Insurance Company; ABC Corporations; and XYZ Companies,<br><br>    Defendants. | CASE No. 2:11-cv-01007-JAT<br><br>**ANSWER OF DEFENDANTS CONTINENTAL CASUALTY COMPANY AND TRANSPORTATION INSURANCE COMPANY TO COMPLAINT**<br><br>(Assigned to:  Hon. James A. Teilborg) |

Defendants Continental Casualty Company ("Continental") and Transportation Insurance Company ("Transportation") (collectively, "Defendants") hereby answer the Complaint of Nammo Talley, Inc. ("Plaintiff"), as follows:

**THE PARTIES**

1. Defendants admit the allegations contained in Paragraph 1 of the Complaint.

2. Responding to the allegations in Paragraph 2 of the Complaint, Defendants admit that they issued certain primary and excess liability policies to Plaintiff. Defendants lack information and belief as to whether the other defendants insured Plaintiff and based thereon, Defendants deny such allegation as to the other defendants. Defendants deny each and every remaining allegation of Paragraph 2 of the Complaint.

3. Responding to the allegations contained in Paragraph 3 of the Complaint, Defendants lack information or belief sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, Defendants deny the allegations contained therein.

4. Responding to the allegations contained in Paragraph 4 of the Complaint, Defendants admits that Continental is an Illinois corporation, with its principal place of business at CNA Plaza, Chicago, Illinois 60604. Defendants admit that the documents attached as Exhibit B are copies or partial copies of policies issued by Continental. Except as admitted, Defendants deny the allegations of Paragraph 4 of the Complaint.

5. Responding to the allegations contained in Paragraph 5 of the Complaint, Defendants lack information or belief sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, Defendants deny the allegations contained therein.

6. Responding to the allegations contained in Paragraph 6 of the Complaint, Defendants lack information or belief sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, Defendants deny the allegations contained therein.

7. Responding to the allegations contained in Paragraph 7 of the Complaint, Defendants admits that Transportation is an Illinois corporation, with its principal place of business at CNA Plaza, Chicago, Illinois 60604. Defendants admit that Transportation is a property and casualty insurance company. Defendants admit that the documents attached as Exhibit E are copies or partial copies of policies issued by Transportation. Except as admitted, Defendants deny the allegations of Paragraph 7 of the Complaint.

8. Responding to the allegations contained in Paragraph 8 of the Complaint, Defendants admit that they are engaged in the business of writing liability insurance. Defendants further admit that they issued those policies of insurance to Plaintiff identified on Exhibit A as issued by Defendants; however, Defendants deny that any policy of insurance issued or purportedly issued by Defendants provides a duty to defend or indemnify Plaintiff and/or a duty to pay or reimburse the costs of clean-up or remediation, in connection with the facts, claims, suits and/or losses alleged in the Complaint.

## JURISDICTION AND VENUE

9. Responding to the allegations contained in Paragraph 9 of the Complaint, Defendants refer to and incorporate by reference Paragraphs 1-8, inclusive, of this Answer.

10. Defendants admit the allegations contained in Paragraph 10 of the Complaint.

11. Defendants admit the allegations contained in Paragraph 11 of the Complaint.

12. Defendants admit the allegations contained in Paragraph 12 of the Complaint.

## GENERAL ALLEGATIONS

13. Responding to the allegations contained in Paragraph 13 of the Complaint, Defendants refer to and incorporate by reference Paragraphs 1-12, inclusive, of this Answer.

14. Responding to the allegations contained in Paragraph 14 of the Complaint, Defendants admit that the Complaint purports to allege claims for declaratory relief, breach of contract and bad faith, and such Complaint seeks compensatory damages and "other relief;" however, Defendants specifically deny that Plaintiff is entitled to any of the relief claimed (other than a declaration of the rights and duties of the parties) and Defendants deny that any policy of insurance issued by Defendants provides a duty to defend or indemnify Plaintiff and/or a duty to pay or reimburse the costs of clean-up or remediation, in connection with the facts, claims, suits and/or losses alleged in the

1  Complaint.

2      15.    Responding to the allegations contained in Paragraph 15 of the Complaint, Defendants admit that it understands Plaintiff to be a defense contractor that manufactures weapons, aerospace equipment and propellant at the Nammo Talley Site ("the Site"). Defendants lack information and belief as to the particulars of any lease agreement and thus cannot form a belief as to the truth of the allegations contained in Paragraph 15 about the lease, and on that basis, Defendants deny such allegations.  Defendants further deny the remaining allegations of Paragraph 15 of the Complaint.

    16.    Defendants deny each and every allegation of Paragraph 16, and Defendants specifically deny that any lead, perchlorate and other contamination at the Site and/or neighboring properties was unexpected, unintended and/or unintentional.

    17.    Defendants deny the allegations contained in Paragraph 17 of the Complaint.

    18.    Defendants deny the allegations contained in Paragraph 18 of the Complaint.

    19.    Responding to the allegations contained in Paragraph 19 of the Complaint, Defendants admit the existence of a Consent Judgment against Plaintiff.  Except as expressly admitted, Defendants deny the allegations contained in Paragraph 19 of the Complaint.

    20.    Defendants deny the allegations contained in Paragraph 20 of the Complaint.

    21.    Defendants deny the allegations contained in Paragraph 21 of the Complaint.

    22.    Responding to the allegations contained in Paragraph 22 of the Complaint, Defendants lack information or belief sufficient to form a belief as to the truth of the factual allegations contained therein, and on that basis, Defendants deny the allegations contained therein.  No response is required as to the legal conclusions as to the scope of ADEQ's legal authority.

    23.    Defendants deny the allegations contained in Paragraph 23 of the Complaint.

    24.    Defendants admit the allegations contained in Paragraph 24 of the Complaint.

    25.    Responding to the allegations contained in Paragraph 25 of the Complaint,

LAW OFFICES
**BERKES CRANE ROBINSON & SEAL LLP**

Defendants lack information or belief sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, Defendants deny the allegations contained therein.

26. Responding to the allegations contained in Paragraph 26 of the Complaint, Defendants lack information or belief sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, Defendants deny the allegations contained therein.

27. Responding to the allegations contained in Paragraph 27 of the Complaint, Defendants lack information or belief sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, Defendants deny the allegations contained therein.

28. Responding to the allegations contained in Paragraph 28 of the Complaint, Defendants admit that Plaintiff discharged liquids into unlined ponds.  To any other extent, Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Responding to the allegations contained in Paragraph 30 of the Complaint, Defendants lack information or belief sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, Defendants deny the allegations contained therein.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. Responding to the allegations contained in Paragraph 37 of the Complaint, Defendants admit that by this lawsuit, Plaintiff seeks to recover from defendants certain payments for defense, indemnity or otherwise in connection with contamination cause by

LAW OFFICES
BERKES CRANE
ROBINSON & SEAL LLP

5

Plaintiff at the Site and/or surrounding properties.  To any other extent, Defendants deny the allegations of Paragraph 37 and Defendants specifically deny that their insurance policies provide defense or indemnity coverage to Plaintiff and/or obligate Defendants to pay or reimburse the costs of clean-up or remediation, in connection with the facts, claims, losses and/or suits alleged in the Complaint.

38.     Responding to the allegations contained in Paragraph 38 of the Complaint, Defendants admit that Defendants issued the policies attributed to them as listed on Exhibit A.  To any other extent, Defendants deny the allegations of Paragraph 38 and Defendants specifically deny that their insurance policies provide defense or indemnity coverage to Plaintiff and/or obligate Defendants to pay or reimburse the costs of clean-up or remediation, in connection with the facts, claims and/or suits alleged in the Complaint.  As to policies issued by insurers other than Defendants, Defendants lack information or belief sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, Defendants deny the allegations contained therein.

39.     Responding to the allegations contained in Paragraph 39 of the Complaint, Defendants admit that, subject to certain conditions, limitations and exclusions, its policies contain the language identified in the documents attached to the Complaint as attributed to Defendants.  To any other extent, Defendants deny the allegations of Paragraph 39 and Defendants specifically deny that their insurance policies provide defense or indemnity coverage to Plaintiff and/or obligate Defendants to pay or reimburse the costs of clean-up or remediation, in connection with the facts, claims and/or suits alleged in the Complaint.  As to policies issued by insurers other than Defendants, Defendants lack information or belief sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, Defendants deny the allegations contained therein.

40.     Responding to the allegations contained in Paragraph 40 of the Complaint, Defendants admit that Exhibit B contains policy language contained in the insurance policies issued by Continental and that Exhibit E contains policy language contained in the insurance policies issued by Transportation, both of which are subject to certain

conditions, limitations and exclusions contained in such policies. To any other extent, Defendants deny the allegations of Paragraph 40 and Defendants specifically deny that their insurance policies provide defense or indemnity coverage to Plaintiff and/or obligate Defendants to pay or reimburse the costs of clean-up or remediation, in connection with the facts, claims and/or suits alleged in the Complaint. As to policies issued by insurers other than Defendants, Defendants lack information or belief sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, Defendants deny the allegations contained therein.

41. Responding to the allegations contained in Paragraph 41 of the Complaint, Defendants admit that they issued the insurance policies attributed to them as listed on Exhibit A. As to policies issued by insurers other than Defendants, Defendants lack information or belief sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, Defendants deny the allegations contained therein.

42. Responding to the allegations contained in Paragraph 42 of the Complaint, Defendants lack information or belief sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, Defendants deny the allegations contained therein.

43. Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45. Responding to the allegations contained in Paragraph 45 of the Complaint, Defendants lack information or belief sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, Defendants deny the allegations contained therein.

46. Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52. Responding to the allegations contained in Paragraph 52 of the Complaint, Defendants admit that the parties to a contract owe one other a duty of good faith and fair dealing, and such duty is implied in the insurance policies issued by Defendants; however, Defendants deny that they have breached such duty.  Except as admitted, Defendants deny the allegations of Paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54. Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55. Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59. Responding to the allegations contained in Paragraph 59 of the Complaint, Defendants admit that Defendants have determined that there is no defense or indemnity coverage under their policies for the losses alleged by Plaintiff, that Defendants have denied defense and indemnity coverage on that basis, and that Defendants have declined to defend Plaintiff on that basis.  Defendants deny that their policies contain language which would require a defense or indemnity for the losses alleged by Plaintiff and further deny that any communications by or on behalf of Plaintiff provided information which would require a defense or indemnity for the losses alleged by Plaintiff.  Defendants deny the remaining allegations of Paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61. Defendants deny the allegations contained in Paragraph 61 of the Complaint.

## COUNT I

### (Declaratory Judgment)

62. Responding to the allegations contained in Paragraph 62 of the Complaint, Defendants refer to and incorporate by reference each and every response contained in Paragraphs 1 through 61, inclusive, of this Answer.

63. Defendants admit the allegations contained in Paragraph 63.

64. Defendants admit that the controversy between Plaintiff and Defendants concerning Defendants' insurance policies involves various issues and that the Court may declare the rights and duties of the parties with respect thereto; however, Defendants deny that Plaintiff is entitled to the relief requested and/or a declaratory judgment in its favor. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65. Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66. Responding to the allegations contained in Paragraph 66 of the Complaint, Defendants admit that Plaintiff seeks such a judicial declaration; however, Defendants deny that Plaintiff is entitled to a judicial declaration in its favor. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 66 of the Complaint.

## COUNT II

### (Breach of Contract)

67. Responding to the allegations contained in Paragraph 67 of the Complaint, Defendants refer to and incorporate by reference each and every response contained in Paragraphs 1 through 66, inclusive, of this Answer.

68. Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69. Defendants deny the allegations contained in Paragraph 69 of the Complaint.

## COUNT III

### (Breach of the Duty of Good Faith and Fair Dealing)

70. Responding to the allegations contained in Paragraph 70 of the Complaint, Defendants refer to and incorporate by reference each and every response contained in Paragraphs 1 through 69, inclusive, of this Answer.

71. Defendants admit the allegations contained in Paragraph 71 of the Complaint.

72. Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73. Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74. Defendants deny the allegations contained in Paragraph 74 of the Complaint.

**COUNT IV**

**(Common Law Negligent Misrepresentation and Violation of**

**A.R.S. § 20-443)**

75. Responding to the allegations contained in Paragraph 75 of the Complaint, Defendants refer to and incorporate by reference each and every response contained in Paragraphs 1 through 74, inclusive, to this Answer.

76. Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77. Responding to the allegations contained in Paragraph 77 of the Complaint, Defendants admit that there is a covenant of good faith and fair dealing implied in Defendants' insurance policies issued to Plaintiff.  To any other extent, Defendants deny the allegations to Paragraph 77 of the Complaint.

78. Defendants deny the allegations of Paragraph 78 of the Complaint.

79. Defendants deny the allegations of Paragraph 79 of the Complaint.

80. Defendants deny the allegations of Paragraph 80 of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

81. The Complaint does not state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

82. Defendants' policies contain pollution and contamination exclusions which bar defense and indemnity coverage for the facts, claims and losses alleged in the Complaint.

**THIRD AFFIRMATIVE DEFENSE**

83. There is no coverage under Defendants' policies to the extent that the losses alleged do not fall within the definition of "property damage" as defined in the policies and/or during the policy periods.

**FOURTH AFFIRMATIVE DEFENSE**

84. There is no coverage under Defendants' policies to the extent that the losses alleged do not fall within the definition of "occurrence" under the policies.

**FIFTH AFFIRMATIVE DEFENSE**

85. There is no coverage under Defendants' policies to the extent that the investigation, clean-up and/or remediation expenses alleged in the Complaint do not qualify "as damages."

**SIXTH AFFIRMATIVE DEFENSE**

86. There is no coverage under Defendants' policies to the extent that Plaintiff voluntarily assumed any obligations or incurred any expenses.

**SEVENTH AFFIRMATIVE DEFENSE**

87. There is no coverage under Defendants' policies to the extent that the exclusions, terms and/or conditions of the policies apply to bar coverage, including but not limited to, the owned property exclusions.

**EIGHTH AFFIRMATIVE DEFENSE**

88. Defendants' policies contain various limits of liability, including but not limited to per occurrence, in the aggregate and/or in the event of other insurance. In the event that Defendants are liable to Plaintiff (which liability is expressly denied), Defendants' liability is restricted to the limits of liability in Defendants' policies.

**NINTH AFFIRMATIVE DEFENSE**

89. Coverage under Defendants' policies may be barred to the extent that Plaintiff has impaired or prejudiced any right to subrogation, indemnification or contribution that Defendants may otherwise have had.

**TENTH AFFIRMATIVE DEFENSE**

90. Should it be determined that Defendants have any insuring obligation with respect to losses alleged in the Complaint, Plaintiff's right to recover from Defendants would be subject to the proper allocation of such amounts to the periods and layers of coverage when injury or damage actually occurred, including periods and/or layers where Plaintiff did not have insurance.

**ELEVENTH AFFIRMATIVE DEFENSE**

91. Defendants have no obligation under Defendants' policies to the extent that

Plaintiff has failed to cooperate, did not satisfy any of its obligations under the policies, breached the policies and/or did not satisfy any condition precedent to coverage under the policies.

### TWELFTH AFFIRMATIVE DEFENSE

92. To the extent that Plaintiff has failed to mitigate, minimize or avoid any of the costs or damages it allegedly sustained, any recovery against Defendants must be reduced.

### THIRTEENTH AFFIRMATIVE DEFENSE

93. There is no coverage under Defendants' policies to the extent that the policies are excess and the underlying insurance has not been properly exhausted.

### FOURTEENTH AFFIRMATIVE DEFENSE

94. There is no coverage under Defendants' policies to the extent that Plaintiff failed to give timely written notice of the facts, losses, claims and/or suits alleged in the Complaint or incurred expenses prior to tender.

### FIFTEENTH AFFIRMATIVE DEFENSE

95. There is no duty to defend Plaintiff as there is no "suit" as required by Defendants' policies.

### SIXTEENTH AFFIRMATIVE DEFENSE

96. No claim for the asserted breach of the duty of good faith and fair dealing exists because Defendants had a reasonable basis to deny the claim alleged in the Complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE

97. Defendants assert all affirmative defenses listed in the Federal Rules of Civil Procedure, Rules 8(c) and 12(b).

WHEREFORE, Defendants pray for the following relief:

1. That Plaintiff takes nothing by its Complaint;
2. That the Court declare that Defendants' defenses are correct;
3. That the Court award costs of suit to Defendants;

4.  That the Court award reasonable attorneys fees and expenses to Defendants in accordance with A.R.S. §§ 12-341 and 12-341.01; and

5.  Such other relief that the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury.

DATED: December 8, 2011            BERKES CRANE ROBINSON & SEAL LLP

                                   By:  s/ Steven M. Crane
                                   STEVEN M. CRANE
                                   515 South Figueroa Street, Suite 1500
                                   Los Angeles, California 90071

DATED: December 8, 2011            MEAGHER & GEER PLLP

                                   By:  s/ John C. Hendricks
                                   John C. Hendricks
                                   8800 N. Gainey Center Dr., Ste. 261
                                   Scottsdale, AZ 85258

                                   Attorneys for Defendant
                                      Continental Casualty Company and
                                      Transportation Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of December, 2011, I electronically transmitted the attached document to the Clerk's office using the CM/ECF system for filing and transmittal of a Notice of electronic filing to the following CM/ECF registrants:

Clerk of the Court
United States District Court
Sandra Day O'Connor U.S. Courthouse
401 W. Jefferson
Phoenix, AZ  85003

Hon. James A. Teilborg
United States District Court
Sandra Day O'Connor U.S. Courthouse
401 W. Jefferson
Phoenix, AZ  85003

LAW OFFICES
**BERKES CRANE
ROBINSON & SEAL LLP**

Mitchell J. Klein, Esq.
Anthony W. Merrill, Esq.
Polsinelli Shuchart, PC
CityScape
One E. Washington St., Ste. 1200
Phoenix, AZ  85004
*Attorneys for Plaintiff*

I hereby certify that on this 8th day of December, 2011, I served the attached document by mail delivery on the following who are not participants of the CM/ECF system:

None.

I hereby certify that on this 8th day of December, 2011, I mailed a courtesy copy of the attached document to:

None

By:  s/Judy Mannino

84437

LAW OFFICES
**BERKES CRANE
ROBINSON & SEAL LLP**