1  Louise M. McCabe (*Pro Hac Vice Pending*)
   louise.mccabe@troutmansanders.com
2  Troutman Sanders LLP
   11682 El Camino Real, Suite 400
3  San Diego, California  92130-2092
   Telephone:   (858) 509-6000
4  Facsimile:   (858) 509-6040

5  Robert S. Murphy (Arizona Bar No. 013620)
   bob@rmurphylaw.com
6  Law Offices of Robert S. Murphy, LLC
   1650 North First Avenue
7  Phoenix, Arizona 85003
   Telephone:   (602) 528-4728
8  Facsimile:   (866) 224-2188

9  Attorneys for Defendant
   Allstate Insurance Company, solely as successor-
10 in-interest to Northbrook Excess & Surplus
   Insurance Company, formerly known as
11 Northbrook Insurance Company

12          IN THE UNITED STATES DISTRICT COURT

13              FOR THE DISTRICT OF ARIZONA

14 | Nammo Talley, Inc.,                          | Case No. 11-CV-01007-JAT
15 |                    Plaintiff,                | **ANSWER OF ALLSTATE INSURANCE COMPANY TO PLAINTIFF NAMMO TALLEY'S COMPLAINT**
16 |          v.                                  |
17 | Allstate Insurance Company (solely as        |
18 | successor in interests to Northbrook Excess  |
   | and Surplus Insurance Company, formerly      |
19 | known as Northbrook Insurance Company);      | **DEMAND FOR JURY TRIAL**
   | Continental Casualty Company; Globe          |
20 | Indemnity Company; National Union Fire       |
   | Insurance Company of Pittsburgh, PA;         |
21 | Transportation Insurance Company; ABC        |
   | Corporations; and XYZ Companies,             |
22 |                    Defendants.               |
23

24      Defendant ALLSTATE INSURANCE COMPANY, solely as successor-in-interest

25 to Northbrook Excess and Surplus Insurance Company, formerly known as Northbrook

26 Insurance Company ("Allstate") hereby answers the Complaint ("Complaint") of Plaintiff

27 NAMMO TALLEY, INC. formerly known as Talley Industries, Inc. ("Plaintiff") filed in

28 the United States District Court for the District of Arizona, by admitting, denying, and

alleging as follows:

**THE PARTIES**

1.      Allstate lacks sufficient information upon which to admit or deny the truth of the allegations in paragraph 1 of the Complaint and, on that basis, denies the same.

2.      Allstate admits policies 63-300-019 and 63-002-569 were issued by Northbrook Insurance Company to Talley Industries (the "Northbrook Policies").  Allstate lacks information upon which to admit or deny the truth of the remaining allegations in paragraph 2 of the Complaint and, on that basis, denies the same.

3.      In answering paragraph 3 of the Complaint, Allstate admits that it is an Illinois corporation, with its principal place of business in Illinois.  Allstate also admits that it is the successor-in-interest to Northbrook Excess and Surplus Insurance Company, formerly known as Northbrook Insurance Company.

4.      Allstate lacks sufficient information upon which to admit or deny the truth of the allegations in paragraph 4 of the Complaint and, on that basis, denies the same.

5.      Allstate lacks sufficient information upon which to admit or deny the truth of the allegations in paragraph 5 of the Complaint and, on that basis, denies the same.

6.      Allstate lacks sufficient information upon which to admit or deny the truth of the allegations in paragraph 6 of the Complaint and, on that basis, denies the same.

7.      Allstate lacks sufficient information upon which to admit or deny the truth of the allegations in paragraph 7 of the Complaint and, on that basis, denies the same.

8.      In answering paragraph 8 of the Complaint, Allstate admits that policies 63-300-019 and 63-002-569 were issued by Northbrook Insurance Company and that it wrote liability insurance.  Allstate lacks sufficient information upon which to admit or deny the truth of the allegations in paragraph 8 relating to the other defendant insurers and, on that basis, denies the same.  Allstate denies the remaining allegations in paragraph 8.

**JURISDICTION AND VENUE**

9.      In answering paragraph 9 of the Complaint, Allstate re-alleges each of its responses to paragraphs 1 through 8, inclusive, as though fully set forth herein.

10.     The allegations in Paragraph 10 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, Allstate denies the same.

11.     The allegations in Paragraph 11 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, Allstate denies the same.

12.     The allegations in Paragraph 12 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, Allstate denies the same.

## GENERAL ALLEGATIONS

13.     In answering paragraph 13 of the Complaint, Allstate re-alleges each of its responses to paragraphs 1 through 12, inclusive, as though fully set forth herein.

14.     Allstate states that paragraph 14 of the Complaint is a declaratory statement characterizing the nature of Plaintiff's Complaint, and that no response is required.  To the extent a response is required, Allstate denies the same.

### The Underlying Liability

15.     Allstate lacks sufficient information upon which to admit or deny the truth of the allegations in paragraph 15 of the Complaint and, on that basis, denies the same.

16.     Allstate denies the allegations of paragraph 16.

17.     Allstate lacks sufficient information upon which to admit or deny the truth of the allegations in paragraph 17 of the Complaint and, on that basis denies the same.

18.     To the extent the allegations of paragraph 18 of the Complaint are directed to defendants other than Allstate, no answer is required.  In any event, Allstate lacks sufficient information upon which to admit or deny the truth of the allegations in paragraph 18 of the Complaint and, on that basis, denies the same.

19.     In answering paragraph 19 of the Complaint, Allstate states that the terms of the Consent Judgment speak for themselves.  Allstate lacks sufficient information upon which to admit or deny the truth of the remaining allegations in paragraph 19 and, on that

basis, denies the same.

20.     Allstate lacks sufficient information upon which to admit or deny the truth of the allegations in paragraph 20 of the Complaint and, on that basis, denies the same.

21.     Allstate lacks sufficient information upon which to admit or deny the truth of the allegations in paragraph 21 of the Complaint and, on that basis, denies the same.

22.     Allstate lacks sufficient information upon which to admit or deny the truth of the allegations in paragraph 22 of the Complaint and, on that basis, denies the same.

23.     Allstate lacks sufficient information upon which to admit or deny the truth of the allegations in paragraph 23 of the Complaint and, on that basis, denies the same.

24.     Allstate lacks sufficient information upon which to admit or deny the truth of the allegations in paragraph 24 of the Complaint and, on that basis, denies the same.

**Water Bore Out Area**

25.     Allstate lacks sufficient information upon which to admit or deny the truth of the allegations in paragraph 25 of the Complaint and, on that basis, denies the same.

26.     Allstate lacks sufficient information upon which to admit or deny the truth of the allegations in paragraph 26 of the Complaint and, on that basis, denies the same.

27.     Allstate lacks sufficient information upon which to admit or deny the truth of the allegations in paragraph 27 of the Complaint and, on that basis, denies the same.

28.     Allstate lacks sufficient information upon which to admit or deny the truth of the allegations in paragraph 28 of the Complaint and, on that basis, denies the same.

29.     In answering paragraph 29 of the Complaint, Allstate denies that the leaching of perclohorate from ponds into groundwater was unintentional and unexpected. Allstate lacks sufficient information upon which to admit or deny the truth of the remaining allegations of paragraph 29 and on that basis, denies the same.

**Thermal Treatment Unit**

30.     Allstate lacks sufficient information upon which to admit or deny the truth of the allegations in paragraph 30 of the Complaint and, on that basis, denies the same.

31.     Allstate lacks sufficient information upon which to admit or deny the truth

of the allegations in paragraph 31 of the Complaint and, on that basis, denies the same.

32.     Allstate lacks sufficient information upon which to admit or deny the truth of the allegations in paragraph 32 of the Complaint and, on that basis, denies the same.

33.     Allstate denies that contamination from the disposal of solid propellant was unexpected.  Allstate lacks sufficient information upon which to admit or deny the truth of the remaining allegations in paragraph 33 of the Complaint and, on that basis, denies the same.

34.     Allstate denies that contamination from the burning of propellants at the Site was unintentional.  Allstate lacks sufficient information upon which to admit or deny the truth of the remaining allegations in paragraph 34 of the Complaint and, on that basis, denies the same.

**The Policies**

35.     Allstate lacks sufficient information upon which admit or deny the truth of the allegations in paragraph 35 of the Complaint and, on that basis, denies the same.

36.     Allstate admits that the Northbrook Policies were issued by Northbrook Insurance Company and that such policies provide excess insurance subject to the terms, conditions, limitations and exclusions in each policy.  Allstate denies the remaining allegations in paragraph 36 of the Complaint to the extent they relate to Allstate.  Allstate lacks information upon which to admit or deny the truth of the allegations in paragraph 36 to the extent they relate to the other defendant insurers and, on that basis, denies the same.

37.     The allegations in paragraph 37 are introductory statements for which no response is required.  To the extent a response is required, Allstate denies the same.

38.     Allstate states that the terms of the Northbrook Policies speak for themselves.  Allstate denies the remaining allegations in paragraph 38 of the Complaint to the extent they pertain to Allstate and the Northbrook Policies.  Allstate lacks sufficient information upon which to admit or deny the truth of the allegations of paragraph 38 of the Complaint to the extent they pertain to the other defendant insurers and, on that basis, denies the same.

39.     Allstate denies that the policy language quoted in paragraph 39 of the Complaint is contained in the Northbrook Policies.  Allstate lacks sufficient information upon which to admit or deny the truth of the remaining allegations in paragraph 39 of the Complaint and, on that basis, denies the same.

40.     Allstate states that the terms of the Northbrook Policies speak for themselves.  Allstate denies that the Northbrook Policies contain provisions that are generally similar to the insurance provisions cited by Plaintiff.  Allstate lacks sufficient information upon which to admit or deny the truth of the remaining allegations in paragraph 40 of the Complaint and, on that basis, denies the same.

41.     Allstate lacks sufficient information upon which to admit or deny the truth of the allegations in paragraph 41 of the Complaint and, on that basis, denies the same.

42.     Allstate lacks sufficient information upon which to admit or deny the truth of the allegations in paragraph 42 of the Complaint and, on that basis, denies the same.

43.     Allstate states that the terms of the Northbrook Policies speak for themselves.  Allstate denies the allegations in paragraph 43 of the Complaint insofar as they relate to Allstate and the Northbrook Policies.  Allstate lacks sufficient information upon which to admit or deny the truth of the remaining allegations in paragraph 43 of the Complaint and, on that basis denies the same.

44.     Allstate denies the allegations in paragraph 44 of the Complaint insofar as they relate to Allstate and the Northbrook Policies.  Allstate lacks sufficient information upon which to admit or deny the truth of the remaining allegations in paragraph 44 of the Complaint and, on that basis, denies the same.

45.     Allstate lacks information upon which to admit or deny the truth of the allegations in paragraph 45 of the Complaint and, on that basis, denies the same.

46.     Allstate denies the allegations in paragraph 46 of the Complaint insofar as they relate to Allstate and the Northbrook Policies.  Allstate lacks sufficient information upon which to admit or deny the truth of the remaining allegations in paragraph 46 of the Complaint and, on that basis, denies the same.

47.     Allstate denies the allegations in paragraph 47 of the Complaint insofar as they relate to Allstate and the Northbrook Policies.  Allstate lacks sufficient information upon which to admit or deny the truth of the remaining allegations in paragraph 47 of the Complaint and, on that basis, denies the same.

48.     The allegations of paragraph 48 of the Complaint are conclusions of law to which no answer is required.  To the extent an answer is required, Allstate denies the allegations in paragraph 48 of the Complaint.

49.     The allegations in paragraph 49 of the Complaint are conclusions of law to which no answer is required.  To the extent an answer is required, Allstate denies the allegations paragraph 49 of the Complaint.

50.     The allegations of paragraph 50 are conclusions of law to which no answer is required.  To the extent that an answer is required, Allstate answers that its obligations to its insureds under the Northbrook Policies are delineated by the specific terms of the Northbrook Policies.  Allstate further denies that it has a duty to defend or indemnify Plaintiff in connection with the underlying claims under the terms of the Northbrook Policies.  Allstate denies the remaining allegations in paragraph 50 of the Complaint insofar as they pertain to Allstate and the Northbrook Policies.  Allstate lacks sufficient information upon which to admit or deny the truth of the allegations with respect to the other defendants and, on that basis, denies the same.

51.     Allstate denies the allegations in paragraph 51 of the Complaint insofar as they pertain to Allstate and the Northbrook Policies.  Allstate lacks information upon which to admit or deny the truth of the remaining allegations in paragraph 51 of the Complaint and, on that basis, denies the same.

52.     Allstate states that the allegations in paragraph 52 of the Complaint are legal conclusions to which no answer is required.  To the extent an answer is required, Allstate states that its obligations to its insureds under the Northbrook Policies are delineated by the specific terms of the Northbrook Policies as interpreted by the applicable law.  Allstate further answers that Plaintiff's allegations in paragraph 52 are premature as there has not

been any determination that Nammo Talley is an insured under the Northbrook Policies or that Arizona law applies to this lawsuit. Allstate lacks sufficient information upon which to admit or deny the truth of the allegations in paragraph 52 of the Complaint and, on that basis, denies the same.

53.     Allstate denies the allegations in paragraph 53 of the Complaint insofar as they relate to Allstate and the Northbrook Policies. Allstate lacks sufficient information upon which to admit or deny the truth of the remaining allegations in paragraph 53 of the Complaint and, on that basis, denies the same.

54.     Allstate denies the allegations in paragraph 54 of the Complaint insofar as they relate to the Northbrook Policies. Allstate lacks sufficient information upon which to admit or deny the truth of the remaining allegations in paragraph 54 of the Complaint and, on that basis, denies the same.

55.     Allstate admits that it has not acknowledged any coverage obligation for the claims in issue in this Complaint because they do not fall within the scope of coverage afforded by the Northbrook Policies. Allstate denies the remaining allegations in paragraph 55 of the Complaint insofar as they relate to Allstate and the Northbrook Policies. Allstate lacks sufficient information upon which to admit or deny the truth of the remaining allegations in paragraph 55 of the Complaint and, on that basis, denies the same.

56.     Allstate denies the allegations in paragraph 56 of the Complaint insofar as they relate to Allstate and the Northbrook Policies. Allstate lacks sufficient information upon which to admit or deny the truth of the remaining allegations in paragraph 56 of the Complaint and, on that basis, denies the same.

57.     Allstate lacks sufficient information upon which to admit or deny the truth of the allegations in paragraph 57 of the Complaint and, on that basis, denies the same.

58.     Allstate denies the allegations in paragraph 58 of the Complaint insofar as they relate to Allstate and the Northbrook Policies. Allstate lacks sufficient information upon which to admit or deny the truth of the remaining allegations in paragraph 58 of the

Complaint and, on that basis, denies the same.

59.     Allstate admits that it has not acknowledged a duty to defend or indemnify Plaintiff with respect to the claims in issue in the Complaint because no such obligations exist under the terms of the Northbrook Policies.  Allstate lacks sufficient information upon which to admit or deny the truth of the remaining allegations in paragraph 59 of the Complaint and, on that basis, denies the same.

60.     Allstate denies the allegations in paragraph 60 of the Complaint insofar as they relate to Allstate and the Northbrook Policies.  Allstate lacks sufficient information upon which to admit or deny the truth of the remaining allegations in paragraph 60 of the Complaint and, on that basis, denies the same.

61.     Allstate denies the allegations in paragraph 61 of the Complaint insofar as they relate to Allstate and the Northbrook Policies.  Allstate lacks sufficient information upon which to admit or deny the truth of the remaining allegations in paragraph 61 of the Complaint and, on that basis, denies the same.

## COUNT I

### (Declaratory Judgment)

62.     In answering paragraph 62 of the Complaint, Allstate re-alleges each of its answers to paragraphs 1 through 61, inclusive, as though fully set forth herein.

63.     Allstate states that paragraph 63 of the Complaint is a legal conclusion to which an answer is not required.  To the extent an answer is required, Allstate lacks sufficient information upon which to admit or deny the truth of the allegations in paragraph 63 and, on that basis, denies the same.

64.     Allstate states that paragraph 64 of the Complaint is a declaratory statement of the nature of Plaintiff's claim for which an answer is not required.  To the extent an answer is required, Allstate lacks sufficient information upon which to admit or deny the truth of the allegations in paragraph 64 and, on that basis, denies the same.

65.     Allstate denies the allegations of paragraph 65 of the Complaint insofar as they relate to Allstate.  Allstate lacks sufficient information upon which to admit or deny

1    the truth of the remaining allegations in paragraph 65 and, on that basis, denies the same.

2         66.    Allstate states that paragraph 66 of the Complaint is a declaratory statement

3    of the nature of Plaintiff's claims, and that an answer to the statement is not required.  To

4    the extent an answer is required, Allstate denies the allegations in paragraph 66 of the

5    Complaint insofar as they pertain to Allstate and the Northbrook Policies.  Allstate further

6    denies that Plaintiff is entitled to any of the relief it has requested in connection with this

7    claim for relief.  Allstate lacks sufficient information upon which to admit or deny the

8    truth of the allegations in paragraph 66 to the extent they pertain to other defendants and,

9    on that basis, denies the same.

10                                **COUNT II**

11                          **(Breach of Contract)**

12        67.    In answering paragraph 67 of the Complaint, Allstate re-alleges each of its

13   answers to paragraphs 1 through 66, inclusive, as though fully set forth herein.

14        68.    Allstate admits that it has not acknowledged a duty to defend or indemnify

15   Plaintiff in connection with the claims in issue in this Complaint because they do not fall

16   within the coverage afforded by the Northbrook Policies, based on the information that

17   has been provided to Allstate to date.  Allstate denies the remaining allegations of

18   paragraph 68 of the Complaint insofar as they relate to Allstate and the Northbrook

19   Policies.  Allstate lacks information upon which to admit or deny the truth of the

20   remaining allegations in paragraph 68 and, on that basis, denies the same.

21        69.    Allstate denies the allegations of paragraph 69 of the Complaint insofar as

22   they relate to Allstate and the Northbrook Policies.  Allstate further denies that Plaintiff is

23   entitled to any of the relief it has requested with respect to this claim for relief.  Allstate

24   lacks information upon which to admit or deny the truth of the remaining allegations in

25   paragraph 69 of the Complaint and, on that basis, denies the same.

26                                **COUNT III**

27           **(Breach of the Duty of Good Faith and Fair Dealing)**

28        70.    In answering paragraph 70 of the Complaint, Allstate re-alleges each of its

answers to paragraphs 1 through 69, inclusive, as though fully set forth herein.

71.     Allstate states that paragraph 71 of the Complaint is a legal conclusion for which an answer is not required.  To the extent an answer is required, Allstate answers that Plaintiff's allegations are premature insofar as there has been no determination that Nammo Talley is an insured under the Northbrook Policies or that Allstate owes any duties to it.  Allstate, therefore, lacks sufficient information upon which to admit or deny the truth of the allegations in paragraph 71 and, on that basis, denies the same.

72.     Allstate denies the allegations of paragraph 72 of the Complaint insofar as they relate to Allstate and the Northbrook Policies.  Allstate lacks information upon which to admit or deny the truth of the remaining allegations in paragraph 72 and, on that basis, denies the same.

73.     Allstate states that the allegations in paragraph 73 of the Complaint are legal conclusions to which no answer is required.  To the extent an answer is required, Allstate denies the allegations of paragraph 73 of the Complaint insofar as they relate to Allstate.  Allstate lacks information upon which to admit or deny the truth of the remaining allegations in paragraph 73 and, on that basis, denies the same.

74.     Allstate denies the allegations of paragraph 74 of the Complaint insofar as they relate to Allstate and the Northbrook Policies.  Allstate further denies that Plaintiff is entitled to any of the relief it has requested with respect to this claim for relief.  Allstate lacks information upon which to admit or deny the truth of the remaining allegations in paragraph 74 and, on that basis, denies the same.

## COUNT IV

### (Common Law Negligent Misrepresentation and Violation of A.R.S. §20-443)

75.     In answering paragraph 75 of the Complaint, Allstate re-alleges each of its responses to paragraphs 1 through 74, inclusive, as though fully set forth herein.

76.     Allstate denies the allegations of paragraph 76 of the Complaint insofar as they relate to Allstate.  Allstate lacks information upon which to admit or deny the truth of the remaining allegations in paragraph 76 and, on that basis, denies the same.

77.     Allstate lacks information upon which to admit or deny the truth of the allegations in paragraph 77 and, on that basis, denies the same.

78.     Allstate denies the allegations of paragraph 78 of the Complaint insofar as they relate to Allstate.  Allstate lacks information upon which to admit or deny the truth of the remaining allegations in paragraph 78 and, on that basis, denies the same.

79.     Allstate denies the allegations of paragraph 79 of the Complaint insofar as they relate to Allstate.  Allstate lacks information upon which to admit or deny the truth of the remaining allegations in paragraph 79 and, on that basis, denies the same.

80.     Allstate denies the allegations of paragraph 80 of the Complaint insofar as they relate to Allstate.  Allstate further denies that Plaintiff is entitled to the relief it has requested with respect to this claim for relief.  Allstate lacks information upon which to admit or deny the truth of the remaining allegations in paragraph 80 and, on that basis, denies the same.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

81.     As a first affirmative defense, Allstate states that the Complaint, and each of the claims for relief alleged therein, fails to allege facts sufficient to state a claim against Allstate for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Subject to Policy Terms)

82.     As a second affirmative defense, Allstate states that the duty of Allstate, if any, to defend or indemnify Plaintiff, or to contribute to the defense or indemnification of Plaintiff, or to reimburse Plaintiff for any amounts, is limited by and is subject to all of the terms, conditions, exclusions, limits of liability, retentions, limitations, and other provisions contained in the Northbrook Policies.

## THIRD AFFIRMATIVE DEFENSE

### (No Coverage for Punitive or Exemplary Damages)

83.     As a third affirmative defense, Allstate states that coverage under the Northbrook Policies is barred to the extent that  Plaintiff seeks coverage for punitive or exemplary damages, fines, and/or penalties, recovery for which is precluded by operation of law (including the U.S. Constitution, including without limitation, Article 1, Section 8, Amendment V and Amendment XIV), public policy, and the terms, exclusions, conditions, and limitations of said policies.

### FOURTH AFFIRMATIVE DEFENSE

(Pollution Exclusion)

84.     As a fourth affirmative defense, Allstate states that Plaintiff's claims are barred by the pollution exclusions contained in the Northbrook Policies, and by endorsement 4 of Northbrook policy 63-002-569, which provides that there is no coverage for the cost of removing, nullifying or cleaning-up seeping, polluting or contaminating substances.

### FIFTH AFFIRMATIVE DEFENSE

(Damage to Property Owned by the Insured)

85.     As a fifth affirmative defense, Allstate states that Plaintiff's claims are barred or limited by the "owned property" exclusion in the Northbrook Policies, and by Endorsement 2 to Northbrook policy 63-002-563, which provides that there is no coverage for property damage to personal property owned or occupied by or rented to any insured, among other things.

### SIXTH AFFIRMATIVE DEFENSE

(No "Occurrence")

86.     As a sixth affirmative defense, Allstate alleges that Plaintiff's claims are barred or limited to the extent that Plaintiff seeks coverage for "personal injuries" or "property damage" that was not caused by an "occurrence" as those terms are defined in the Northbrook Policies.

### SEVENTH AFFIRMATIVE DEFENSE

(No "Damages" on Account of "Property Damage" or "Personal Injuries")

87.     As a seventh affirmative defense, Allstate states that Plaintiff's claims are barred or limited to the extent that Plaintiff  seeks coverage for amounts that are not "damages" on account of "property damage" or "personal injuries" as those terms are defined in the Northbrook Policies.

## EIGHTH AFFIRMATIVE DEFENSE

(No "Occurrence", "Personal Injuries" or "Property Damage"

During the Policy Period)

88.     As an eighth affirmative defense, Allstate states that Plaintiff's claims are barred or limited to the extent that Plaintiff seeks coverage for "personal injuries or "property damage" that did not take place during the respective Northbrook Policy period, and to the extent that Plaintiff seeks coverage for any "personal injuries" or "property damage" that did not result in an "occurrence" during the respective Northbrook Policy period.

## NINTH AFFIRMATIVE DEFENSE

(Not An "Insured")

89.     As a ninth affirmative defense, Allstate states that Plaintiff's claims are barred to the extent that it is not an insured under the Northbrook Policies or to the extent that it seeks payment on behalf of entities who are not insureds.

## TENTH AFFIRMATIVE DEFENSE

(No Duty to Defend)

90.     As a tenth affirmative defense, Allstate states that any duty to defend or to pay or reimburse defense costs is barred or limited by the terms of the Northbrook Policies, including, but not limited to, Condition VIII ("Assistance and Cooperation").

## ELEVENTH AFFIRMATIVE DEFENSE

("Ultimate Net Loss")

91.     As an eleventh affirmative defense, Allstate states that Plaintiff's claims are barred or limited to the extent that the amounts sought do not fall within the definition of "ultimate net loss" as that term is defined in the Northbrook Policies.

1    **TWELFTH AFFIRMATIVE DEFENSE**

2    (Exhaustion of Underlying Insurance)

3    92.    As a twelfth affirmative defense, Allstate states that Plaintiff's claims are

4    barred or limited to the extent that all insurance underlying the Northbrook Policies has

5    not been properly exhausted.

6    **THIRTEENTH AFFIRMATIVE DEFENSE**

7    (Late Notice)

8    93.    As an thirteenth affirmative defense, Allstate states that Plaintiff's claims

9    are barred or limited to the extent the Plaintiff failed to provide timely notice of the claims

10   for which the Plaintiff seeks coverage.

11   **FOURTEENTH AFFIRMATIVE DEFENSE**

12   (Voluntary Payments)

13   94.    As a fourteenth affirmative defense, Allstate states that Plaintiff's claims are

14   barred to the extent that Plaintiff incurred any obligation or entered into any agreement

15   without the express consent of Allstate.

16   **FIFTEENTH AFFIRMATIVE DEFENSE**

17   (Impairment of Subrogation, Indemnity and Contribution)

18   95.    As a fifteenth affirmative defense, Allstate states that Plaintiff's claims are

19   barred or limited to the extent Allstate's rights of subrogation, indemnity or contribution

20   have been impaired.

21   **SIXTEENTH AFFIRMATIVE DEFENSE**

22   (Event Not Contingent or Unknown)

23   96.    As a sixteenth affirmative defense, Allstate states that Plaintiff's claims are

24   barred or limited to the extent that Plaintiff seeks coverage for any claim, event,

25   occurrence, or loss which was in progress or was not contingent or unknown at or before

26   the time the respective Northbrook Policies were issued.

27   / / /

28   / / /

1  **SEVENTEENTH AFFIRMATIVE DEFENSE**

2  (Statute of Limitations)

3       97.    As a seventeenth affirmative defense, Allstate states that Plaintiff's claims

4  are barred or limited by the applicable statute of limitations.

5  **EIGHTEENTH AFFIRMATIVE DEFENSE**

6  (Waiver, Estoppel, Laches and Unclean Hands)

7       98.    As an eighteenth affirmative defense, Allstate states that Plaintiff's claims

8  are barred or limited by the equitable doctrines of waiver, estoppel, laches, and unclean

9  hands.

10  **NINETEENTH AFFIRMATIVE DEFENSE**

11  (Aircraft Product Exclusions)

12       99.    As a nineteenth affirmative defense, Allstate states that Plaintiff's claims are

13  barred or limited by the aircraft product exclusions contained in the Northbrook Policies.

14  **TWENTIETH AFFIRMATIVE DEFENSE**

15  (Other Insurance)

16       100.    As a twentieth affirmative defense, Allstate states that Plaintiff's claims are

17  barred or limited by the "other insurance" provisions in the Northbrook Policies.

18  **TWENTY-FIRST AFFIRMATIVE DEFENSE**

19  (Failure to Sue Necessary Party)

20       101.    As a twenty-first affirmative defense, Allstate states that Plaintiff's claims

21  are barred or limited to the extent Plaintiff has failed to sue a party necessary to the

22  resolution of its claims.

23  **TWENTY-SECOND AFFIRMATIVE DEFENSE**

24  (No Suit or Claim)

25       102.    As a twenty-second affirmative defense, Allstate states that there is no duty

26  to defend or indemnify the insured for any matters that do not constitute a suit or claim

27  within the meaning of the Northbrook Policies.

28  / / /

1

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

2

(Failure to Mitigate)

3   103.   As a twenty-fifth affirmative defense, Allstate states that Plaintiff's claims

4   are barred or limited to the extent that Plaintiff failed to mitigate some or all of its alleged

5   damages.

6

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

7

(Prior Insurance/Noncumulation)

8   104.   As a twenty-sixth affirmative defense, Allstate states that Plaintiff's claims

9   are barred or limited by the "Prior Insurance and Noncumulation of Liability" and the

10   Noncumulation of Liability – Same Occurrence" conditions contained in the Northbrook

11   Policies.

12

**TWENTY-SEVNTH AFFIRMATIVE DEFENSE**

13

(Payment of Defense Costs)

14   105.   As a twenty-seventh affirmative defense, Allstate states that any obligation

15   on the part of Allstate to pay or reimburse defense costs, if any such obligation exists, is

16   limited to a duty to indemnify the insured for those reasonable and necessary costs

17   incurred by the insured in the defense "suits" or claims that have been proven to fall

18   within the scope of the respective Northbrook policy's coverage.

19

**TWENTHY-EIGHTH AFFIRMATIVE DEFENSE**

20

(No Assignment)

21   106.   As a twenty-eighth affirmative defense, Allstate states that Plaintiff's claims

22   are barred or limited to the extent that there has been any assignment of interest under the

23   Northbrook Policies without Allstate's consent.

24

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

25

(Third Party Fault)

26   107.   As a twenty-ninth affirmative defense, Allstate states that any loss, harm,

27   injury, or damage suffered by Plaintiff was caused or contributed to by the acts and/or

28   omissions of third parties, including but not limited to parties not named in this action,

1  and therefore, liability or responsibility for Plaintiff's alleged losses, damages and

2  injuries, if any, must be allocated or apportioned among those responsible parties.

3  ### THIRTIETH AFFIRMATIVE DEFENSE

4  (Exhaustion of Limits of Liability)

5  108.  As a thirtieth affirmative defense, Allstate states that coverage for Plaintiff's

6  claims is barred or limited to the extent that the Northbrook Policy limits have been

7  exhausted by payment of other claims.

8  ### THIRTY-FIRST AFFIRMATIVE DEFENSE

9  (Self-Insurance and/or Insolvency)

10  109.  As a thirty-first affirmative defense, Allstate states that Plaintiff's claims are

11  barred or limited to the extent Plaintiff must assume responsibility or liability for periods

12  of self-insurance, periods of insolvency of other insurers, and periods where other policies

13  are unavailable for other reasons.

14  ### THIRTY-SECOND AFFIRMATIVE DEFENSE

15  (Retained Limit)

16  110.  As a thirty-second affirmative defense, Allstate states that Plaintiff's claims

17  are barred or limited to the extent that the retained limit(s) applicable to its claims have

18  not been paid.

19  ### THIRTY-THIRD AFFIRMATIVE DEFENSE

20  (Applicable Limits)

21  111.  As a thirty-third affirmative defense, Allstate states that there is no

22  obligation under the Northbrook Policies for any amounts in excess of the applicable

23  limits of liability under each policy.

24  ### THIRTY-FOURTH AFFIRMATIVE DEFENSE

25  (No Actual Controversy)

26  112.  As a thirty-fourth affirmative defense, Allstate states that Plaintiff's causes

27  of action are subject to dismissal to the extent there is no actual or justiciable controversy

28  involving the Northbrook Policies.

1

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

2

(Failure to Maintain Underlying Insurance)

3      113.    As a thirty-fifth affirmative defense, Allstate states that Plaintiff's causes of

4   action are barred or limited by the failure to maintain underlying insurance as required by

5   the terms of the Northbrook Policies.

6

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

7

(Loss Payable)

8      114.    As a thirty-sixth affirmative defense, Allstate states that Plaintiff's claims

9   are barred or limited by the failure to comply with the "Loss Payable" condition in each

10   Northbrook Policy.

11

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

12

(Apportionment)

13      115.    As a thirty-seventh affirmative defense, Allstate states that, Plaintiff's

14   claims may be barred or limited to the extent other parties, including those who are not

15   parties to this action may be legally, contractually, equitably or otherwise obligated for the

16   damages and/or monies sought by Plaintiff; therefore, in the event of a finding of any

17   liability in favor of Plaintiff against Allstate, an apportionment of liability must be made

18   by the court or jury among all responsible parties in accordance with legal and equitable

19   principles.

20

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

21

(Cooperation Clause)

22      116.    As a thirty-eighth affirmative defense, Allstate states that Plaintiff's claims

23   are barred or limited by the Plaintiff's failure to comply with the "Assistance and

24   Cooperation" clause in the Northbrook Policies.

25

## THIRTY-NINTH AFFIRMATIVE DEFENSE

26

(Prophylactic Costs)

27      117.    As a thirty-ninth affirmative defense, Allstate states that Plaintiff's claims

28   are barred to the extent that it seeks to recover costs to prevent future harm.

1     **FORTIETH AFFIRMATIVE DEFENSE**

2     (Misrepresentations)

3     118.    As a fortieth defense, Allstate states that Plaintiff's claims are barred or

4 limited to the extent that there were any material misstatements or omissions of fact by the

5 insured in connection with the issuance of the Northbrook Policies.

6     **FORTY-FIRST AFFIRMATIVE DEFENSE**

7     (Ripeness)

8     119.    As a forty-first defense, Allstate states that Plaintiff's claims are barred to

9 the extent that Plaintiff's liability has not been rendered certain and, therefore, its claims

10 for payment are not ripe.

11     **FORTY-SECOND AFFIRMATIVE DEFENSE**

12     (Compliance with Conditions)

13     120.    As a forty-second affirmative defense, Allstate states that Plaintiff's claims

14 are barred to the extent that Plaintiff has failed to comply with any of the conditions

15 contained in the Northbrook Policies.

16     **FORTY-THIRD AFFIRMATIVE DEFENSE**

17     (Underground Resources Exclusion)

18     121.    As a forty-third affirmative defense, Allstate states that Plaintiffs' claims are

19 barred to the extent they fall within the "Underground Resources" exclusions contained

20 the Northbrook Policies.

21     **FORTY-FOURTH AFFIRMATIVE DEFENSE**

22     (Entitlement to Offset)

23     122.    As a forty-fourth affirmative defense, Allstate states that it is entitled to a

24 set-off for any amounts paid by or owed by other insurers or third parties.

25     **FORTY-FIFTH AFFIRMATIVE DEFENSE**

26     (Losses Not Yet Arisen or Amounts Not Yet Paid)

27     123.    As a forty-fifth affirmative defense, Allstate states that there is no coverage

28 under the Northbrook Policies to the extent Plaintiff seeks defense or indemnification for

1   losses that have not yet arisen or for amounts Plaintiff has not yet paid.

2   ## FORTY-SIXTH AFFIRMATIVE DEFENSE

3   (Intentional Injury or Damage)

4   124.   As a forty-sixth affirmative defense, Allstate states that Plaintiff's claims are

5   barred or limited to the extent any injury or damage was caused intentionally or at the

6   direction of the insured.

7   ## FORTY-SEVENTH AFFIRMATIVE DEFENSE

8   (Intervening Cause)

9   125.   As a forty-seventh affirmative defense, Allstate states that Plaintiff's

10   damages, if any, were not the proximate result of Allstate's conduct.

11   ## FORTY-EIGHTH AFFIRMATIVE DEFENSE

12   (Improper Purported Exhaustion)

13   126.   As a forty-eighth affirmative defense, Allstate states that Plaintiff's claims

14   may be barred or limited to the extent the insured has improperly applied a per occurrence

15   or aggregate limit and/or has improperly purported to have exhausted the limits of any

16   primary or underlying or lower level policies.

17   ## FORTY-NINTH AFFIRMATIVE DEFENSE

18   (No "Drop Down")

19   127.   As a forty-ninth affirmative defense, Allstate states that Plaintiff's causes of

20   action may be barred or limited in that the Northbrook Policies do not require them to

21   drop down or to provide coverage in place of any insurer which has become insolvent or

22   any policy which has become invalid, uncollectible or otherwise unavailable.

23   ## FIFTIETH AFFIRMATIVE DEFENSE

24   (Additional Defenses)

25   128.   As a fiftieth affirmative defense, Allstate states that it presently has

26   insufficient knowledge or information to determine whether it may have additional, as yet

27   unstated, defenses available.  Allstate reserves the right to assert additional defenses in the

28   event discovery indicates that they would be appropriate.

1    WHEREFORE, Allstate prays for judgment as follows:

2    1.    That Plaintiff take nothing and be granted no relief by reason of its

3    Complaint;

4    2.    That the Complaint be dismissed as against Allstate;

5    3.    That a judicial declaration issue to the effect that Allstate has no duty to

6    defend or indemnify Plaintiff, or to contribute to the defense or indemnification of

7    Plaintiff in connection with the claims asserted in Plaintiff's Complaint;

8    4.    That Allstate be awarded its reasonable attorney's fees and expenses, costs

9    of suit, and other such and further relief as the Court may deem just and proper.

10   Dated:  December 8, 2011          By:  *s/ Robert S. Murphy*
                                           Robert S. Murphy (AZ Bar No. 013620)
11

12                                     Law Offices of Robert S. Murphy, LLC
                                       1650 North First Avenue
13                                     Phoenix, Arizona  85003
                                       Telephone:   (602) 528-4728
14                                     Facsimile:   (866) 224-2188
                                       Email:        bob@rmurphylaw.com
15
                                       Louise M. McCabe (*Pro Hac Vice Pending*)
16                                     Troutman Sanders LLP
                                       11682 El Camino Real, Suite 400
17                                     San Diego, California  92130-2092
                                       Telephone:   (858) 509-6000
18                                     Facsimile:   (858) 509-6040
                                       Email: louise.mccabe@troutmansanders.com
19
                                       Attorneys for Defendant
20                                     Allstate Insurance Company, solely as successor-
                                       in-interest to Northbrook Excess & Surplus
21                                     Insurance Company, formerly known as
                                       Northbrook Insurance Company
22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on December 8, 2011, I electronically transmitted the attached document entitled:

ANSWER OF ALLSTATE INSURANCE COMPANY
TO PLAINTIFF NAMMO TALLEY'S COMPLAINT

to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Anthony W. Merrill, Esq.<br>Mitchell J. Klein, Esq.<br>Polsinelli Shughart PC<br>1 E Washington St. Suite 1200<br>Phoenix, AZ  85004<br>Tel: (602) 650-2000<br>Fax: (602) 264-7033<br>Email:   amerrill@polsinelli.com<br>             mjklein@polsinelli.com | Attorneys for Plaintiff<br>NAMMO TALLEY<br>INCORPORATED |
| Steven M. Crane, Esq. (*Admitted Pro Hac Vice*)<br>Berkes Crane Robinson & Seal LLP<br>515 S. Figueroa St., Suite 1500<br>Los Angeles, CA  90017  60654<br>Tel: (213) 955-1150<br>Fax: (213) 955-1155<br>Email:   scrane@bcrslaw.com | Attorneys for Defendants<br>CONTINENTAL CASUALTY<br>COMPANY and<br>TRANSPORTATION<br>INSURANCE COMPANY |

Dated:  December 8, 2011          By:  *s/ Robert S. Murphy*
                                              Robert S. Murphy (AZ Bar No. 013620)