LAW OFFICES
BROENING OBERG WOODS & WILSON
PROFESSIONAL CORPORATION
POST OFFICE BOX 20527
PHOENIX, ARIZONA 85036
TELEPHONE: (602) 271-7700
FACSIMILE: (602) 258-7785

Terrence P. Woods/Bar No. 003490
 E-mail: tpw@bowwlaw.com
Marilyn D. Cage/Bar No. 011418
 E-mail: mdc@bowwlaw.com
lmp
ATTORNEYS FOR DEFENDANT ARROWOOD INDEMNITY
COMPANY, F/K/A ROYAL INDEMNITY COMPANY,
THE SUCCESSOR IN INTEREST TO GLOBE INDEMNITY
COMPANY

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

## DIVISION ONE

| | |
|---|---|
| Nammo Talley, Inc., | Case No.:  2:11-cv-01007-JAT |
| Plaintiff, | |
| v. | **ARROWOOD INDEMNITY COMPANY, f/k/a ROYAL INDEMNITY COMPANY, THE SUCCESSOR IN INTEREST TO GLOBE INDEMNITY COMPANY'S ANSWER TO NAMMO TALLEY, INC.'S COMPLAINT** |
| Allstate Insurance Company (solely as successor in interest to Northbrook Excess and Surplus Insurance Company, formerly known as Northbrook Insurance Company); Continental Casualty Company; Globe Indemnity Company; National Union Fire Insurance Company of Pittsburgh, PA; Transportation Insurance Company; ABC Corporations; and XYZ Companies., | (Assigned to the Honorable James A. Teilborg) |
| Defendant. | |

Arrowood Indemnity Company, f/k/a Royal Indemnity Company, the successor in interest to Globe Indemnity Company (hereinafter referred to as "Globe") in answer to Plaintiff Nammo Talley, Inc.'s (Nammo Talley) Complaint admits, denies and alleges as follows:

. . .

**THE PARTIES**

1.      Globe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and therefore denies the same.

2.      Globe admits that it issued Comprehensive General Liability insurance to Talley Industries, Inc. as follows: Policy No.: GTS 911239 (10/1/69-70); Policy No.: GTS 911230 (10/1/70-12/1/70); Policy No. GTS 911220 (12/1/70-71); Policy No.: GTS 911221 (12/1/71-72); Policy No.: GTS 911222 (12/1/72-1/1/73).   Only partial copies of these policies have been located.   Policy No. GTS911238 (10/1/68-10/1/69) is a lost policy and there is insufficient evidence concerning the essential terms and conditions of that policy. Except as so specifically admitted, Globe denies the remaining allegations contained in paragraph 2 of the Complaint.

3.      Globe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and therefore denies the same.

4.      Globe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and therefore denies the same.

5.      Globe admits Arrowood Indemnity Company, formerly known as Royal Indemnity Company, is the successor in interest to Globe Indemnity Company.   Arrowood Indemnity Company is a Delaware corporation with a principal place of business in Charlotte, North Carolina.  The Complaint served on Globe did not contain Exhibit C and therefore Globe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Exhibit C and therefore denies the same.

6.      Globe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and therefore denies the same.

7.      Globe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and therefore denies the same.

8.      Globe admits that it issued the policies set forth in response to paragraph 2 set forth above.   Except as so specifically admitted, Globe denies the remaining allegations contained in paragraph 8 of the Complaint.

## JURISDICTION AND VENUE

9.      Globe repeats and realleges every admission, denial and response in paragraphs 1-8.

10.     Globe admits the allegations contained in paragraph 10 of the Complaint.

11.     Globe admits the allegations contained in paragraph 11 of the Complaint.

12.     Globe admits the allegations contained in paragraph 12 of the Complaint.

## GENERAL ALLEGATIONS

13.     Globe repeats and realleges every admission, denial and response in paragraphs 1-12.

14.     The allegations contained in paragraph 14 are introductory in nature, requiring no answer of Globe.  To the extent an answer is required, Globe denies the same.

15.     Globe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and therefore denies the same.

16.     Globe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and therefore denies the same.

17.     Globe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and therefore denies the same.

18.     Globe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and therefore denies the same.

S:\TPW\Globe Indemnity (Allred)\Plds\Answer
30687.001

19.     Globe admits that on or about September 6, 1991, a Consent Judgment was entered in the case captioned *State of Arizona v. Talley Defense Systems, Inc.*, Case No. CV90-26811, in which Talley Defense Systems admitted that either it or its employees violated local hazardous waste rules, A.A.C. R18-8-260 *et seq.*, promulgated pursuant to the Hazardous Waste Management Act. A.R.S. 49-901 *et seq.*  Except as so specifically admitted, Globe denies the remaining allegations contained in paragraph 19 of the Complaint.

20.     Globe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and therefore denies the same.

21.     Globe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and therefore denies the same.

22.     Globe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and therefore denies the same.

23.     Globe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint and therefore denies the same.

24.     Globe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and therefore denies the same.

### Water Bore Out Area

25.     Globe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and therefore denies the same.

- 4 -

26.     Globe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint and therefore denies the same.

27.     Globe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint and therefore denies the same.

28.     Globe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint and therefore denies the same.

29.     Globe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint and therefore denies the same.

**Thermal Treatment Unit**

30.     Globe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint and therefore denies the same.

31.     Globe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint and therefore denies the same.

32.     Globe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint and therefore denies the same.

33.     Globe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint and therefore denies the same.

34.     Globe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint and therefore denies the same.

**The Policies**

35.     Globe admits that the Globe policies set forth in paragraph 2 above provide that Globe may have a duty to defend and/or indemnify Talley Industries, Inc. under certain circumstances.   Except as so specifically admitted, Globe denies the remaining allegations contained in paragraph 35 of the Complaint.

36.     Globe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint and therefore denies the same.

37.     Globe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint and therefore denies the same.

38.     Globe admits that it issued the comprehensive general liability policies as set forth in paragraph 2.   Except as so specifically admitted, Globe denies the remaining allegations contained in paragraph 38 of the Complaint.

39.     Globe responds that the policies of insurance speak for themselves.   Except as so specifically admitted, Globe denies the remaining allegations contained in paragraph 39 of the Complaint.

40.     The Complaint served on Talley did not contain Exhibits B to E and therefore Talley is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 and therefore denies the same.

41.     Globe repeats and realleges its response to paragraph 2.   Except as so specifically admitted, Globe denies the remaining allegations contained in paragraph 41 of the Complaint.

- 6 -

42.     Globe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint and therefore denies the same.

43.     Globe responds that the policies of insurance speak for themselves.  Except as so specifically admitted, Globe denies the remaining allegations contained in paragraph 43 of the Complaint.

44.     Globe responds that the policies of insurance speak for themselves.  Except as so specifically admitted, Globe denies the remaining allegations contained in paragraph 44 of the Complaint.

45.     Globe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint and therefore denies the same.

46.     Globe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint and therefore denies the same.

47.     Globe denies the allegations contained in paragraph 47 of the Complaint.

48.     The allegations contained in paragraph 48 are statements of law, requiring no answer of Globe.  To the extent an answer is required, Globe denies the same.

49.     The allegations contained in paragraph 49 are statements of law, requiring no answer of Globe.  To the extent an answer is required, Globe denies the same.

50.     The allegations contained in paragraph 50 are statements of law, requiring no answer of Globe.  To the extent an answer is required, Globe denies the same.

51.     The allegations contained in paragraph 51 are statements of law, requiring no answer of Globe.  To the extent an answer is required, Globe denies the same.

52.     The allegations contained in paragraph 52 are statements of law, requiring no answer of Globe.  To the extent an answer is required, Globe denies the same.

- 7 -

53.    Globe denies the allegations contained in paragraph 53 of the Complaint.

54.    Globe denies the allegations contained in paragraph 54 of the Complaint.

55.    Globe denies the allegations contained in paragraph 55 of the Complaint.

56.    Globe denies the allegations contained in paragraph 56 of the Complaint.

57.    Globe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint and therefore denies the same.

58.    Globe denies the allegations contained in paragraph 58 of the Complaint.

59.    Globe denies the allegations contained in paragraph 59 of the Complaint.

60.    Globe denies the allegations contained in paragraph 60 of the Complaint.

61.    Globe denies the allegations contained in paragraph 61 of the Complaint.

**COUNT I**

**(Declaratory Judgment)**

62.    Globe repeats and realleges every admission, denial and response in paragraphs 1-61.

63.    Globe admits the allegations contained in paragraph 63 of the Complaint.

64.    Globe admits the allegations contained in paragraph 64 of the Complaint.

65.    Globe denies the allegations contained in paragraph 65 of the Complaint.

66.    The allegations contained in paragraph 66 are statements of law, requiring no answer of Globe.  To the extent an answer is required, Globe denies the same.

**COUNT II**

**(Breach of Contract)**

67.    Globe repeats and realleges every admission, denial and response in paragraphs 1-66.

68.    Globe denies the allegations contained in paragraph 68 of the Complaint.

69.    Globe denies the allegations contained in paragraph 69 of the Complaint.

- 8 -

### COUNT III

### (Breach of the Duty of Good Faith and Fair Dealing)

70.     Globe repeats and realleges every admission, denial and response in paragraphs 1-69.

71.     Globe admits the allegations contained in paragraph 71 of the Complaint.

72.     Globe denies the allegations contained in paragraph 72 of the Complaint.

73.     Globe denies the allegations contained in paragraph 73 of the Complaint.

74.     Globe denies the allegations contained in paragraph 74 of the Complaint.

### COUNT IV

### (Common Law Negligent Misrepresentation and Violation of A.R.S. 20-443)

75.     Globe repeats and realleges every admission, denial and response in paragraphs 1-74.

76.     Globe denies the allegations contained in paragraph 76 of the Complaint.

77.     Globe admits that it represented that it would act in good faith and fair dealing in its relationship with its insured.  Except as so specifically admitted, Globe denies the remaining allegations in paragraph 77 of the Complaint.

78.     Globe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the Complaint and therefore denies the same.

79.     Globe denies the allegations contained in paragraph 79 of the Complaint.

80.     Globe denies the allegations contained in paragraph 80 of the Complaint.

### <u>AFFIRMATIVE DEFENSES</u>

For further and separate affirmative defenses to the Complaint, Globe alleges as follows:

. . .

. . .

. . .

- 9 -

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

81.    The Complaint, and each purported cause of action therein, fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

82.    The Complaint, and each purported cause of action therein, is or may be barred or limited, in whole or in part, by the applicable statutes of limitation.

**THIRD AFFIRMATIVE DEFENSE**

**(Policy Terms, Definitions, Exclusions, Conditions and Limitations)**

83.    The Complaint, and each purported cause of action therein, is barred, in whole or in part, to the extent that the terms, definitions, exclusions, conditions and/or limitations contained in the alleged policy or policies issued to Talley Industries, Inc. (hereinafter referred to the "Policies") preclude coverage for the claims for which Nammo Talley seeks recovery.

**FOURTH AFFIRMATIVE DEFENSE**

**(No "Accident" or "Occurrence")**

84.    The Complaint, and each purported cause of action therein, is barred, in whole or in part, to the extent the events giving rise to the allegations in the Complaint do not constitute an "accident" or "occurrence" within the meaning of the Policies.

**FIFTH AFFIRMATIVE DEFENSE**

**(No "Property Damage")**

85.    The Complaint, and each purported cause of action therein, is barred, in whole or in part, to the extent the allegations asserted in the Complaint or underlying claims do not constitute "property damage" within the meaning of the Policies.

. . .

. . .

- 10 -

**SIXTH AFFIRMATIVE DEFENSE**

**(Lost Policy)**

86.     The Complaint, and each purported cause of action therein, is barred in whole or in part, to the extent that the existence of the Policies and/or each and every material term of the Policies cannot be established.

**SEVENTH AFFIRMATIVE DEFENSE**

**(No "suit")**

87.     The Complaint, and each purported cause of action therein, is barred, in whole or in part, to the extent that Nammo Talley seeks recovery of sums for claims that do not constitute a "suit" within the meaning of the Policies.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Not Fortuitous)**

88.     The Complaint, and each purported cause of action therein, is barred, in whole or in part, to the extent that Nammo Talley seeks recovery of sums for liability arising from an event, act, occurrence, loss or claim that was not fortuitous.

**NINTH AFFIRMATIVE DEFENSE**

**(Intentional Acts)**

89.     The Complaint, and each purported cause of action therein, is barred, in whole or in part, to the extent that any damage or injury was caused intentionally or at the direction of any insured under the Policies.

**TENTH AFFIRMATIVE DEFENSE**

**(Expected or Intended)**

90.     The Complaint, and each purported cause of action therein, is barred, in whole or in part, to the extent that any damage or injury was not unexpected and unintended by the insured.

. . .

- 11 -

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

91.    The Complaint, and each purported cause of action therein, is barred, in whole or in part, to the extent that Nammo Talley failed to act reasonably on their own behalf to minimize, avoid, or otherwise mitigate damages.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Liability Assumed Under Contract)**

92.    The Complaint, and each purported cause of action therein, is barred, in whole or in part, to the extent that recovery is sought for purported liability the insured assumed pursuant to contract, lease or any other agreement which is not explicitly covered by the Policies.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Voluntary Payments)**

93.    The Complaint, and each purported cause of action therein, is barred, in whole or in part, to the extent that the insured voluntarily made any payment, assumed any obligation or incurred any expenses without prior written consent of Globe.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Known Losses)**

94.    The Complaint, and each purported cause of action therein, is barred, in whole or in part, to the extent that the claims alleged in the Complaint constituted known losses at the time of the inception of the Policies.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Loss in Progress)**

95.    The Complaint, and each purported cause of action therein, is barred, in whole or in part, to the extent that the Complaint or underlying claims seek reimbursement for sums arising from an event, act, occurrence, loss or claim that was in progress or was not contingent at or before the time the Policies were issued to the insured.

- 12 -

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Timely Notice)**

96.     Any coverage afforded under the Policies may be barred in whole or in part to the extent the insured failed to provide full and timely notice of any suit, occurrence, condition, injury and/or claim for which coverage is sought.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Cooperation Clause)**

97.     To the extent the Policies contain an assistance and cooperation clause, the Complaint, and each purported cause of action therein, is barred, in whole or in part, to the extent that all conditions precedent to coverage were not complied with, including the assistance and cooperation clause contained in the Policies.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Outside Policy Period)**

98.     The Complaint, and each purported cause of action therein, is barred, in whole or in part, to the extent that the liabilities for which the Complaint seeks coverage arise from circumstances, injury, and/or loss which did not take place during the period of the Policies.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Pre-Tender Recovery of Sums)**

99.     The Complaint, and each purported cause of action therein, is barred, in whole or in part, to the extent it seeks recovery of sums incurred prior to the alleged tender to Globe of the claims described in the Complaint.

**TWENTIETH AFFIRMATIVE DEFENSE**

**("Other Insurance" Provisions)**

100.    To the extent the Policies contain "other insurance" provision(s), the Complaint, and each purported cause of action therein, is barred, in whole or in part by reason of the existence of other insurance pursuant to the "other insurance" provision(s).

- 13 -

1

## TWENTY-FIRST AFFIRMATIVE DEFENSE

2

## (Not an "Insured")

3    101.    The Complaint, and each purported cause of action therein, is barred, in whole or

4 in part, to the extent that it seeks recovery for sums incurred by any entity which does not qualify

5 as an "insured" under the Policies.

6

## TWENTY-SECOND AFFIRMATIVE DEFENSE

7

## (Pollution Exclusion)

8    102.    To the extent the Policies contain pollution exclusion(s), the Complaint, and each

9 purported cause of action therein, is or may be barred, in whole or in part, by the Pollution

10 exclusion(s) in the Policies.

11

## TWENTY-THIRD AFFIRMATIVE DEFENSE

12

## (Violation of Law or Public Policy)

13    103.    The Complaint, and each purported cause of action therein, is barred, in whole or

14 in part, to the extent that the insured's acts or failure to act which gave rise to the underlying

15 claims referenced in the Complaint were in violation of law and/or public policy.

16

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

17

## (Statutory Fines and Penalties)

18    104.    The Complaint, and each purported cause of action therein, is barred, in whole or

19 in part, to the extent that the Complaint or any underlying claims seek recovery of sums

20 associated with statutory violations, criminal fines or sanctions, civil fines or sanctions, or other

21 penalties, including, but not limited to, punitive and/or exemplary damages resulting from the

22 insured's alleged conduct.

23

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

24

## (Unclean Hands)

25    105.    The Complaint, and each purported cause of action therein, are barred, in whole

26 or in part, to the extent the doctrine of unclean hands applies.

- 14 -

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Laches)

106.   The Complaint, and each purported cause of action therein, are barred, in whole or in part, to the extent the doctrine of laches applies.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

107.   The Complaint, and each purported cause of action therein, are barred, in whole or in part, to the extent the doctrine of waiver applies.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Owned Property)

108.   The Complaint, and each purported cause of action therein, is or may be barred to the extent that the underlying claims seek coverage for damages to property owned, leased, occupied,  used or in the care, custody or control, or property alienated by an insured.

**WHEREFORE**, Globe prays for judgment as follows:

1.   That Nammo Talley takes nothing by its Complaint;

2.   For a declaration that Globe has no duty to defend, pay costs of defense of, or  indemnify Nammo Talley with respect to any of the claims referred to in the Complaint, and for dismissal of the Complaint with prejudice against Globe;

3.   For a declaration that any duty on the part of Globe is limited by and subject to all of the terms, conditions, exclusions, limits of liability, and other provisions of the Policies.

4.   For Globe's costs and attorneys' fees; and

5.   For such other and further relief as the Court may deem just and proper.

. . .

- 15 -

S:\TPW\Globe Indemnity (Allred)\Plds\Answer
30687.001

1

RESPECTFULLY SUBMITTED this _____ day of December, 2011.

2

BROENING OBERG WOODS & WILSON, P.C.

3

4

By */s/ Terrence P. Woods*

5

Terrence P. Woods
Marilyn D. Cage

6

P. O. Box 20527
Phoenix, Arizona  85036

7

Attorneys for Defendant Arrowood Indemnity
Company, f/k/a Royal Indemnity Company,
the successor in interest to Globe Indemnity

8

Company

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

- 16 -

1

CERTIFICATE OF SERVICE

2

    I hereby certify that on December 8, 2011, I electronically transmitted the attached

3

document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

4

Notice of Electronic Filing to the following CM/ECF registrants:

5

Mitchell J. Klein

Anthony W. Merrill

6

POLSINELLI SHUGHART PC

CityScape

7

One E. Washington St., Suite 1200

Phoenix, AZ 85004

8

*Counsel for Plaintiff Nammo Talley, Inc.*

9

Steven M. Crane

Berkes Crane Robinson & Seal, LLP

10

515 South Figueroa Street, Suite 1500

Los Angeles, California 90017

11

*Counsel for Defendant Continental Casualty Company*

12

    A courtesy copy with a copy of the Notice of Electronic filing was also **mailed** to

13

Honorable James A. Teilborg on this same date at the following address:

14

Honorable James A. Teilborg

15

United States District Court

Sandra Day O'Connor U.S. Courthouse, Suite

16

401 West Washington Street, SPC

Phoenix, AZ 85003

17

18

19

*/s/ Lela M. Perin*

20

21

22

23

24

25

26

- 17 -